UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| In re:<br><br>Keith D. DeVito<br>Debtor.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WILMINGTON TRUST COMPANY, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR<br>                     Objecting Party<br>  v.<br><br>Keith D. DeVito<br><br>DEBTOR,<br><br>                   Respondents. | Bankruptcy 18-20002-CMB<br><br>Chapter 13<br><br>Related to Doc. No. 40 |

## RESPONSE TO OBJECTION TO CLAIM

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WILMINGTON TRUST COMPANY, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ("Secured Creditor"), by and through its undersigned attorney, hereby files its Preliminary Response to Objection to Claim ("Objection"), and in support thereof states as follows:

1. Secured Creditor timely filed its Proof of Claim on February 22, 2018 as Claim Number 5.

2. On August 27, 2018 Debtor filed an Objection, asserting allegations opposing Secured Creditor's claim.

3. Debtors' objection states, that the debtor never received a permanent modification from the Creditor after making all three trail modification payments of $2,306.58. The Debtor believes that the arrears should start from the end of the trail modification at zero.

4. Attached hereto as **Exhibit A**, is a copy of the trial modification offer extended by Secured Creditor to the Debtor. The letter states that the Debtor must make three payments of $2,306.58 on 6/1/15, 7/1/15 and 8/1/15.

5. Attached hereto as **Exhibit B** is a copy of a letter dated August 12, 2015 informing the Debtor that the loan modification was denied because the trial plan payments were not completed.

6. Attached hereto as **Exhibit C** is a copy of Securd Creditor's payment log, which reflects that the August 1, 2015 payment was not made. Moreover, the payment history attached to the Proof of Claim (**Claim #5**) reflects that the August 1, 2015 payment was missed.

7. Secured Creditor requests that Debtor provide proof of payment of the August 1, 2015 payment.

8. Being that the existence or non-existence of a loan modification in 2015 is the crux of Debtor's complaint, Secured Creditor objections to the production of an extended loan history, especially because the payment history included with the Proof of Claim goes back to October, 1 2008. Nonetheless, Secured Creditor is working on preparing

a supplemental payment history for the two-year preceding the payment history included with the Proof of Claim. Additional time is requested to produce same, should the Court require it.

9. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim (and, by extension, supplemental proof of claim) executed and filed in accordance with the Bankruptcy Rules "shall constitute prima facie evidence of the validity and amount of the claim."

10. Secured Creditor has proffered the necessary evidence to support Debtor's legal liability to the Secured Creditor, and as such, the burden is upon the Debtor to produce evidence equal in force to negate the prima facie validity of Secured Creditor's claim. In re Allegheny Inter., Inc., 954 F.2d 167, 173 (3rd Cir. 1992).

11. The Proof of claim was filed with a payment history that clearly disputes the Debtor's allegations in his filed Objection to Claim.

12. Nonetheless, Secured Creditor has produced still further evidence rebuking Debtor's allegations.

13. Secured Creditor maintains that the amount of its claim is accurate and correct as filed.

14. Debtors' objection does not present any evidence to support the filed objection to Claim 5 and therefore thus failed to present evidence sufficient to counter the presumption of validity of the Proof of Claim. Debtors' objection is therefore insufficient as a matter of law.

**WHEREFORE**, Creditor respectfully requests that this Honorable Court overrules Debtor's objection and allows Secured Creditor's Proof of Claim as filed so as to preserve Creditor's Claim, and for such other and further relief as the Court may deem just and proper.

**RAS Crane LLC**

**10700 Abbott's Bridge Rd., Suite 170**

**Duluth, GA 30097**
Phone: 470-321-7112 x 221
Fax: 404-393-1425

By: /s/ Kevin Buttery
Kevin M. Buttery Esquire
Bar ID: 319438
Email: kbuttery@rascrane.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| In re: | Bankruptcy 18-20002-CMB |
|---|---|
| Keith D. Devito, | Chapter 13 |
| Debtor. | Related to Doc. No. 40 |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WILMINGTON TRUST COMPANY, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR<br>          Objecting Party<br>    v.<br>Keith D. DeVito<br>Debtor,<br>          Respondents. | |

CERTIFICATE OF SERVICE

I certify under penalty of perjury that I served the above captioned pleadings at the addresses specified below on October 11, 2018.

The types of service made on the parties were:

By First-Class Mail:

Keith D. DeVito
434 Oakcrest Drive
North Huntingdon, PA 15642

Michael S. Geisler
201 Penn Center Blvd., Suite 524
Pittsburgh, PA 15235

Ronda J. Winnecour
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219

Office of the United States Trustee
Liberty Center.
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

**RAS Crane LLC**

**10700 Abbott's Bridge Rd., Suite 170**

**Duluth, GA 30097**
Phone: 470-321-7112 x 221
Fax: 404-393-1425

By: /s/ Kevin Buttery
Kevin M. Buttery Esquire
Bar ID: 319438
Email: kbuttery@rascrane.com